**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

**IRON MAIDEN HOLDINGS LIMITED,**
Plaintiff,
v.
**THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"**
Defendants.
_____________________________________/

Case No. 2:26-cv-00212-PPS-AZ
Judge Philip P. Simon
Magistrate Judge Abizer Zanzi

**DEFENDANT DARKPICK'S (DOE 52 / Darkpick)**
**OPPOSITION TO PLAINTIFF'S MOTION FOR ELECTRONIC SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(f)(3) [DE 28]**

Defendant Darkpick ("Darkpick"), operating the independent e-commerce store at darkpick.com and identified as Doe 52 on Schedule A, opposes Plaintiff's renewed Motion for Electronic Service of Process [DE 28]. The motion should be denied as to this Defendant for three independent reasons.

First, Rule 4(f) does not apply. Darkpick is a New York domestic business entity whose registered office, CEO address, and process address are 111 Dart Cir, Rome, New York 13441. That same address is published on the face of Defendant's own website available at https://darkpick.com/pages/terms-conditions-1. Service in the United States is governed by Rule 4(e) and 4(h), not Rule 4(f)(3).

Second, even if the Court treated this Defendant as foreign, the Hague Service Convention applies because the address is known. Article 1's "address not known" exception requires reasonably diligent efforts at the time Plaintiff asked the Court to authorize email service. Plaintiff did not make those efforts as to Darkpick. The address is printed on Defendant's

Terms & Conditions page. Generalized assertions that "offshore" sellers use fake addresses do not satisfy *Kangol* or this Court's decision four days ago in *Messika Group v. Partnerships Identified in Schedule "A"*, No. 2:25-cv-00578-PPS-AZ (N.D. Ind. Aug. 24, 2026) (Simon, J.).

Third, Plaintiff represented to the Court that Defendants' addresses are unknown and that they reside in Malaysia, Indonesia, or other Hague states. That representation is false as to Darkpick. The Court should not authorize a method of service that is unnecessary, unauthorized, and built on an inaccurate factual predicate.

## I. BACKGROUND

Plaintiff filed this Schedule A action on May 14, 2026, and initially moved for Rule 4(f)(3) email service on May 22, 2026 [DE 15]. At the June 1, 2026 hearing, counsel withdrew that motion after discussion of the then-forthcoming (and now-decided) Seventh Circuit decision in *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co*., 177 F.4th 793 (7th Cir. 2026). See DE 18. The Court entered a TRO and later a preliminary injunction. On July 22, 2026—after Kangol and after Plaintiff obtained platform and WHOIS information through the TRO—Plaintiff refiled the present motion, supported by the declarations of Martin F. Trainor [DE 29-1] and Victor B. Chahin [DE 29-3].

The Chahin Declaration states that counsel "investigated each of the addresses (1) provided by Defendants on their e-commerce storefronts, or discovered through a search of WHOIS records for Defendants operating on independent websites, and (2) provided by the third party providers in response to the Temporary Restraining Order," and concluded there was "no identifiable business associated with the Defendants located at the addresses." Chahin Decl. ¶ 3.

Physical addresses were said to be missing for certain numbered defendants; Darkpick is not among the "no address found" list. Id.

Darkpick operates an independent website, https://darkpick.com. The store's Terms & Conditions page, https://darkpick.com/pages/terms-conditions-1, states in plain text:

JOSHINE INC.

Address: 111 DART CIR, ROME, NY 13441

A quick search on Google map will indicate the address is genuine. See below Figure 1.




Public New York Department of State records confirm that JOSHINE INC., DOS ID 6423066, is an active domestic business corporation formed March 7, 2022. Its DOS process address, registered office, and CEO address (Liang Yuan Hai) are all 111 Dart Cir, Rome, NY

13441. The entity remains in good standing, with a biennial statement accepted as recently as March 31, 2026. The address is a real, existing location in Oneida County, New York—not a foreign mailbox and not an "unknown" address.

Plaintiff's motion nonetheless treats every Schedule A defendant as an offshore operator whose physical address is unknown, and asks the Court to authorize a single form of email-and-website service for all of them. DE 29 at 1–4.

**II. LEGAL STANDARD**

Rule 4(f) governs service "at a place not within any judicial district of the United States." Fed. R. Civ. P. 4(f). Rule 4(f)(3) permits service "by other means not prohibited by international agreement, as the court orders." That authorization is unavailable if the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Hague Service Convention) applies and forbids the proposed method. *Kangol*, 177 F.4th at 801–02.

The Convention "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Convention art. 1. It "shall not apply where the address of the person to be served with the document is not known." Id. The plaintiff bears the burden of proving reasonably diligent efforts to ascertain and verify the address before deeming it unknown. *Kangol*, 177 F.4th at 799 (citing *NBA Props., Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021)). The inquiry looks to the plaintiff's effort at the time it asked the court to treat the address as unknown—not to an after-the-fact investigation assembled once service is challenged. *Messika Grp. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, No. 2:25-cv-00578-PPS-AZ, slip op. at 5–6 (N.D. Ind. Aug. 24, 2026) (Simon, J.).

A generalized narrative that foreign marketplace sellers "typically" list fake addresses does not carry that burden as to a particular defendant whose address is sitting in public view. *Messika*, slip op. at 6.

## III. ARGUMENT

### A. Rule 4(f)(3) Does Not Apply Because Darkpick Is a New York Corporation with a Known Domestic Address

Darkpick is located in New York. Its process address is in Rome, New York. Its own website tells every visitor the same thing. There is no "occasion to transmit a judicial document for service abroad." Convention art. 1. Rule 4(f) is therefore the wrong rule. Plaintiff must serve this Defendant under Rule 4(e) (individual) or 4(h) (corporation)—personal delivery, leaving copies at the dwelling or usual place of business, service on an authorized agent, or service on the New York Secretary of State as provided by N.Y. Bus. Corp. Law § 306.

Authorizing email service under 4(f)(3) as to a domestic business would invert the Federal Rules. Plaintiff cannot collapse a New York entity into a mass of "offshore e-commerce store operators" merely because the store sells online.

### B. Plaintiff's Representation That the Address Is Unknown Is Incorrect

The memorandum asserts that Plaintiff "has good cause to suspect the Defendants are all residents of foreign jurisdictions which are signatories to the Hague Convention … Malaysia, or Indonesia," and that investigation showed "no identifiable business associated with the Defendants located at the addresses." DE 29 at 2–3. Those statements cannot be reconciled with Darkpick's published Terms.

### C. Email Service Is Neither Necessary Nor the Least Intrusive Lawful Method

Plaintiff's policy argument—that email is faster, that INFORM Consumers Act emails exist, and that without email "Plaintiff will almost certainly be left without the ability to pursue a final judgment," DE 29 at 2—does not apply here. Speed and convenience do not authorize a court to ignore Rule 4's geographic structure or to deem known an address that is published.

*Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007 (9th Cir. 2002), on which Plaintiff relies, involved a foreign internet business with no discoverable physical address that invited email contact as its preferred channel. That is not this Defendant. Darkpick has a statutory process address in New York.

**IV. REQUESTED RELIEF**

Defendant Darkpick (Doe 52) respectfully requests that the Court:

1. Deny Plaintiff's Motion for Electronic Service of Process [DE 28] as to Defendant Darkpick (Doe 52 / Darkpick);

2. Require any service on this Defendant to be made under Fed. R. Civ. P. 4(e) or 4(h), including service at 111 Dart Cir, Rome, NY 13441 and/or upon the New York Secretary of State;

3. Decline to treat Plaintiff's generalized "address unknown" showing as sufficient under *Kangol* and *Messika* as to any defendant whose storefront, Terms page, WHOIS record, or Secretary of State filing discloses a specific address that Plaintiff did not reasonably attempt to verify before filing DE 28; and

4. Grant such other relief as the Court deems just.

**V. CONCLUSION**

Rule 4(f)(3) is a narrow tool for service abroad when the Convention does not forbid the method and when the address is genuinely unknown after diligence. None of those conditions is

met for Darkpick. Its address is on its website and in the New York Department of State file. Plaintiff's motion should be denied as to Doe 52.

Dated: August 28, 2026

Respectfully submitted,

/s/ Jianyin Liu

Jianyin Liu, Esq.
1007675
jamesliulaw@gmail.com
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209 6188
Counsel for Defendant Darkpick (Doe 52)

**CERTIFICATE OF SERVICE**

I certify that this document has been served to all parties on record via CM/ECF on this August 28, 2026.

/s/ Jianyin Liu